UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND RAEFSKI,          :   WHITE PLAINS DIVISION
                          :
         Plaintiff,       :   Case No.:
                          :
     v.                   :
                          :
BLUESTEM BRANDS, INC. d/b/a/ Fingerhut  :
                          :
         Defendant.       :
                          :
------------------------------------------------------------X

## DEFENDANT BLUESTEM BRANDS INC.'S NOTICE OF REMOVAL

Defendant, Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), pursuant to 28 U.S.C. §§ 1331 and 1441, hereby files this Notice of Removal and thereby removes to this United States District Court an action which is pending in the Mount Pleasant Justice Court in and for Westchester County, New York, Case No.: 15090150. Removal is appropriate pursuant to federal question jurisdiction as this action involves claims and/or preemption defenses under 15 U.S.C. §1681 (the Fair Credit Reporting Act , "FCRA").

### BACKGROUND

1. On or about September 15, 2015, Plaintiff, Raymond Raefski ("Plaintiff") filed an action styled: *Raymond Raefski vs. Bluestem Brands, Inc. d/b/a Fingerhut*, Case No.: 15090150, in the Mount Pleasant Justice Court of New York in and for Westchester County.

### CONDITIONS OF REMOVAL

2. On November 2, 2015, Plaintiff effected service of process on Bluestem.

3. Accordingly, this Notice of Removal has been filed within thirty (30) days from

the date of service of process on Bluestem.

4. A true and correct copy of all pleadings, exhibits and process served as of this date is attached hereto as Composite Exhibit "A".

5. Written notice of the filing of this notice of removal is being contemporaneously filed with the Mount Pleasant Justice Court of New York in and for Westchester County, as required by 28 U.S.C. § 1446.

6. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Bluestem's rights to assert any defense or affirmative claim.

## THE COMPLAINT

7. This action involves a credit reporting dispute.

8. More specifically, Plaintiff asserts the following claim.

> On my credit report illegal. Seeking to recover $3,000
> *See* Complaint, attached as Composite Exhibit "A".

9. On its face, it appears that Plaintiff asserts a claim against Bluestem under the FCRA.  Alternatively, if Plaintiff purports to assert a common law slander of credit claim, then Bluestem has a complete pre-emption defense under the FCRA.  Either way, the Complaint plainly presents a federal question, and is thus, removable under 28 U.S.C. § 1331.

## LEGAL STANDARD

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." It is axiomatic that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitutions, *laws*, or treaties of *the United States*." 28 U.S.C. § 1331.

11. Here, Plaintiff appears to allege that Bluestem either reported inaccurate information to the consumer reporting agencies in contravention of 15 U.S.C. § 1681i, or otherwise made an improper inquiry on his credit under §§ 1681a & b. Alternatively, if Plaintiff merely purports to bring a claim for common law slander of credit, then Bluestem has a defense that the FCRA pre-empts this claim. 15 U.S.C.A. § 1681t(b)(1)(F); Markovskaya v. Am. Home Mortgage Servicing, Inc., 867 F. Supp. 2d 340, 344 (E.D.N.Y. 2012) ("The Second Circuit has held clearly that state law claims such as that alleged by Plaintiff for defamation of credit are preempted by the FCRA."); Stroud v. Bank of America, N.A., 886 F. Supp. 2d 1308 (S.D. Fla. 2012) (consumer's defamation claim against bank under Florida law, based on bank's alleged provision of inaccurate information to credit reporting agencies, was preempted by FCRA).

12. Thus, it is evident from the face of the Complaint that this Court possessed original jurisdiction over this lawsuit, and that the action is properly removable pursuant to 28 U.S.C. §1441. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character"); In re Methyl Tertiary Butyl Ether (""MTBE") Products Liability Litigation, 399 F. Supp. 2d 340 (federal removal proper "when the claims are completed preempted by federal law.").

13. Further, Local Rule 20 provides that "actions removed from a state court in New York County or Bronx County will be assigned to Manhattan. Actions removed from a state court in any of the other counties within the district will be assigned to White Plains." As the Complaint was filed in Orange County, the White Plains Division is the proper forum.

**WHEREFORE,** Defendant, Bluestem Brands, Inc., respectfully requests that this action be immediately removed from the Mount Pleasant Justice Court in and for Westchester County to the United States District Court for the Southern District of New York, White Plains Division.

Dated: December 1, 2015.

                              Respectfully submitted,

                              BALLARD SPAHR LLP
*Attorneys for Defendant*
919 Third Avenue
New York, NY 10022-3556
Telephone: (646) 346-8012
Facsimile: (215) 864-8999
angeloj@ballardspahr.com

By: /s/Justin Angelo_____
     Justin Angelo

**AFFIRMATION OF SERVICE**

Justin Angelo, an attorney admitted to practice in the State of New York, affirms under penalty of perjury:

On December 1st, 2015, I served the attached by mailing a copy to each of the following persons at the last known address set forth after each name below.

 Raymond Raefski
181 Marietta Avenue
Hawthorne, NY 10532

    /s/Justin Angelo
    Justin Angelo